IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

DALE WILLIAM FLETCHER,

       Plaintiff,

  v.                             Civil Action No.
                                   1:16-CV-129 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

---

APPEARANCES:                      OF COUNSEL:

FOR PLAINTIFF

OFFICE OF PETER M. MARGOLIUS    PETER M. MARGOLIUS, ESQ.
7 Howard St.
Catskill, NY 12414

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN       PRASHANT TAMASKAR, ESQ.
United States Attorney                 DAVID L. BROWN, ESQ.
P.O. Box 7198                             Special Assistant U.S. Attorneys
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Acting Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on December 19, 2016, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

1) Defendant's motion for judgment on the pleadings is GRANTED.

2) The Acting Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: December 20, 2016
Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------x
DALE WILLIAM FLETCHER,

                              Plaintiff,

vs.                            1:16-CV-129

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                              Defendant.

-------------------------------------------x
```

Transcript of a **Decision** held on December 19, 2016, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.

                    A P P E A R A N C E S

                        (By Telephone)

```
For Plaintiff:       OFFICE OF PETER M. MARGOLIUS
                     Attorneys at Law
                     7 Howard Street
                     Catskill, New York  12414
                       BY:  PETER M. MARGOLIUS, ESQ.
                            JANICE CAMMARATO

For Defendant:       SOCIAL SECURITY ADMINISTRATION
                     Office of Regional General Counsel
                     Region II
                     26 Federal Plaza - Room 3904
                     New York, New York  10278
                       BY:  PRASHANT TAMASKAR, ESQ.
```

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1  (In Chambers, Counsel present by telephone.)

2  THE COURT: All right, thank you both for excellent
3  presentations. I have before me a request for judicial
4  review of an adverse determination by the Commissioner
5  pursuant to 42 United States Code Sections 405(g) and
6  1383(c)(3).

7  The background is as follows: Plaintiff was born
8  in March of 1956 and is currently 60 years old, was 58 years
9  old at the time of the hearing in this matter, and 56 years
10  old at the time of the alleged onset of his disability. The
11  plaintiff is divorced, lives alone in Red Hook, New York. He
12  has -- there is equivocal testimony as to whether or not he
13  has an associate's degree in agriculture engineering. He
14  told Dr. Cohen no, at 361, he testified yes at page 34 of the
15  administrative transcript. He last worked in September of
16  2012. He left that position due to a seizure. He was
17  working on a farm operating and repairing heavy equipment and
18  also picking up milk with a truck and testing milk. He has
19  served in several other positions, they're listed at page 203
20  of the administrative transcript. They generally fall into
21  similar categories of past relevant work.

22  Medically, plaintiff suffered a traumatic brain
23  injury in 2007 when he fell while under the influence of
24  alcohol in a creek and hit his head on some rocks. That's at
25  page 427. He received disability for a closed period from

11

1  May 2007 to April 30th, 2009.  That's at page 59 through 65
2  of the administrative transcript.  He resumed working in May
3  of 2009, and worked until 2012 as I indicated.  He suffered a
4  second fall in July of 2012 and suffered a suspected
5  concussion.  The CT scan of his head showed no acute
6  intracranial injury although it did show evidence of a prior
7  injury.  CT scan of the cervical spine showed no fracture,
8  although evidence of a lytic lesion.  CT scan of the chest
9  showed no thoracic injury.  Plaintiff was in the hospital at
10 that time for four days and he was discharged to alcohol
11 rehabilitation.  According to the notes, he's not undergone
12 any seizures since that time.  He's been on Keppra,
13 K-e-p-p-r-a, to control his seizures.
14          Plaintiff suffers from a history of alcohol abuse.
15 He lost his driver's license due to a driving while
16 intoxicated conviction.  Testimony and evidence is equivocal
17 as to whether he still consumes alcohol.  He testified at
18 page 43 that he consumed one beer at a Superbowl party but he
19 has not otherwise consumed alcohol since 2007.  On April 13,
20 however -- in April of 2013 he told Dr. Cohen that he drinks
21 beer four times per week, that's at page 362.  Plaintiff has
22 not undergone any medical health treatment, and as
23 defendant's counsel noted, plaintiff testified at page 37 and
24 also told Dr. Cohen at page 361 that the reason he is
25 currently unemployed is lack of transportation.

1           Historically, as I indicated, plaintiff had a prior
2   period of -- closed period of disability benefits.  Insofar
3   as this matter is concerned, plaintiff applied on January 31,
4   2013, for Title II and Title XVI benefits, alleging an onset
5   date of July 20, 2012.  A hearing was conducted on April 15,
6   2014, by Administrative Law Judge Vincent Cascio.  ALJ Cascio
7   issued a decision on June 26, 2014, in which he found that
8   the defendant -- the plaintiff, I'm sorry, was not disabled
9   at the relevant times.  That became a final determination of
10  the agency on December 9, 2015, when the Social Security
11  Administration Appeals Council denied plaintiff's application
12  for review.
13          In his decision, ALJ Cascio applied the five-step
14  sequential well-known test for determining disability; at
15  step one, concluded plaintiff is not engaged in substantial
16  gainful activity since his alleged onset date.
17          At step two, he found that the plaintiff suffers
18  from severe impairments, including traumatic brain injury and
19  a seizure disorder.
20          At step three, however, ALJ Cascio concluded that
21  plaintiff did not meet or medically equal any of the listed
22  presumptively disabling conditions set forth in the
23  regulations.
24          At step four, applying an RFC finding as follows:
25  The -- plaintiff retains the functional capacity to perform a

1  full range of work, except -- at all exertional levels except
2  claimant can have no exposure to unprotected heights or
3  hazardous machines, cannot operate motor vehicles.  Further,
4  he can understand, remember, and carry out simple unskilled
5  work and can frequently interact with supervisors, coworkers,
6  and the general public.
7         Applying that RFC at step four, ALJ Cascio
8  concluded that plaintiff cannot perform his past relevant
9  work as a farmworker, or as a farm equipment mechanic, both
10  of which are skilled positions.
11         At step five, ALJ Cascio concluded that the job
12  base on which the grids or Medical Vocational Guidelines are
13  predicated were compromised by plaintiff's nonexertional
14  limitations, and after receiving testimony from a vocational
15  expert, concluded that the grids could be used as a framework
16  for finding disability and concluded that the defendant --
17  sorry, the plaintiff, was not disabled.
18         The vocational expert testified that the plaintiff
19  would be able to perform several jobs that are available in
20  the national, regional economy including as a packer, hand,
21  as an assembler, small products, and a final assembler, and
22  concluded that plaintiff was not disabled at the relevant
23  times.
24         As you know, my task is limited, the scope of
25  review is extremely deferential.  I must determine whether

1  correct legal principles were applied and the decision is
2  supported by substantial evidence.
3        In my view, the residual functional capacity is
4  supported.  I agree with the Acting Commissioner's counsel
5  that the fact that the administrative law judge has given
6  great weight to opinions by the examining consultative
7  psychologist Dr. Cohen and also the nonexamining expert
8  Dr. Tatar does not mean that he accepts all of the opinions
9  that they've rendered verbatim.  He has looked at, obviously,
10 and stated in his decision the totality of the available
11 medical evidence.  Dr. Cohen's medical source statement
12 supports the RFC finding as does Dr. Tatar's, and as does --
13 do the opinions of the Department of Health through the
14 Belvedere Health Services at 419 to 420 and 438.
15       The one area of concern, of course, is Dr. Tatar's
16 statement that plaintiff's condition has not been the subject
17 of medical improvement, and I think that that alone is not
18 sufficient to dictate a different result because it really
19 doesn't provide context.  I know that that's at page 374.  It
20 doesn't flesh out what type of medical improvement has
21 occurred and what limitations remain.
22       Again, I think that the RFC finding is well
23 supported by Dr. Cohen's opinions.  I understand what counsel
24 is arguing about the fact that the opinions might not be
25 supported by the results of the examination but essentially

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547

1   I'm being asked to make a medical opinion to override the
2   opinion of the expert, and I'm not prepared to do that.
3            So, I also conclude that the ALJ properly rejected
4   plaintiff's statements concerning his limitations, and
5   explained that rejection thoroughly at -- in his opinion at
6   pages 19 and 20.
7            So for these reasons, I will grant judgment on the
8   pleadings to the defendant, and order dismissal of
9   plaintiff's complaint.
10           Thank you for excellent presentations, hope
11  everyone has a happy holiday, and new year.  Thank you.
12           MS. CAMMARATO:  Thank you, your Honor.
13           MR. TAMASKAR:  Thank you, your Honor.
14                (Proceedings Adjourned, 2:24 p.m.)

```
1       CERTIFICATE OF OFFICIAL REPORTER
2
3
4       I, JODI L. HIBBARD, RPR, CRR, CSR, Federal
5  Official Realtime Court Reporter, in and for the
6  United States District Court for the Northern
7  District of New York, DO HEREBY CERTIFY that
8  pursuant to Section 753, Title 28, United States
9  Code, that the foregoing is a true and correct
10 transcript of the stenographically reported
11 proceedings held in the above-entitled matter and
12 that the transcript page format is in conformance
13 with the regulations of the Judicial Conference of
14 the United States.
15
16              Dated this 19th day of December, 2016.
17
18
19                          /S/ JODI L. HIBBARD
20                          JODI L. HIBBARD, RPR, CRR, CSR
                            Official U.S. Court Reporter
21
22
23
24
25
```

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547